IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVE HODGE, BEN LANNING, | ) |
| Plaintiffs, | ) **CASE NO. CV 06-263-MHW** |
| -vs- | ) |
| LEAR SIEGLER SERVICES, INC., a Delaware Corporation, | ) **MEMORANDUM DECISION AND ORDER** |
| Defendant. | ) |

Currently pending before the Court for its consideration is Plaintiffs' Motion to Certify Class Action (Docket No. 23), filed August 30, 2007. The Court heard oral argument on November 6, 2007, and has had an opportunity to review the briefing submitted as well as other pertinent documents in the Court's file. The Court finds that Plaintiffs' Motion should be granted for the reasons discussed in this opinion.

**I.
BACKGROUND**

On July 7, 2006, Plaintiff Dave Hodge filed a Complaint against his former employer, Defendant Lear Siegler Services, Inc. ("LSI"), for breach of his employment contract. He later amended his complaint to add Mr. Ben Lanning as a plaintiff and class representative. Docket

**Memorandum Decision and Order – 1**

No. 20. Plaintiffs claim that LSI breached their employment contract by failing to pay them and other employees stationed in Iraq for "all hours worked." The employment agreement, which Plaintiffs assert was the same for all hourly workers with regard to reimbursement policies, required payment at a base hourly wage for "all hours worked over 40 hours per week." However, Plaintiffs allege that they and other employees were not paid to drive their fellow employees to job sites and for time spent traveling to their work sites, or for off the clock and overtime work in addition to their standard work week. Plaintiffs allege that there are over 2,000 similarly situated employees and seek class certification.

## II.
## DISCUSSION

A.     **Legal Standards Governing Class Certification Under Rule 23(a).**

The burden is upon the plaintiff to establish whether a proposed class satisfies Rule 23 of the Federal Rules of Civil Procedure. *Bafus v. Aspen Realty, Inc.*, 236 F.R.D. 652, 655 (D. Idaho 2006). In order to certify a class, the plaintiff must first meet the four threshold requirements of Rule 23(a) "namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Fed. R. Civ. P. 23(a) states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

After satisfying these four requirements, a plaintiff then must demonstrate under Rule 23(b)(1), (2), or (3) that the action is maintainable.  *Hanlon*, 150 F.3d at 1022.

"Classes may be certified only if the Court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) and (b) have been satisfied."  *Bafus*, 236 F.R.D. at 655 (citing *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 (9th Cir. 2005)).  An extensive evidentiary showing by the plaintiff is not required and the court is bound to use some degree of speculation; however, there must exist before the court sufficient material to determine compliance with the requirements of Rule 23.  *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).  While the Court is required to take the substantive allegations of the Complaint as true, the Court may disregard allegations that are merely conclusory, are not substantive or are facially insufficient.  *Lim v. Citizens Sav. & Loan Assoc.*, 430 F. Supp. 802, 808 (N.D. Cal. 1976).  In this case, the Plaintiffs have met their burden at this stage to have the Court conditionally certify a class.  The Court will examine each requirement under Rule 23(a).

    **1.**    **Numerosity.**

The first requirement under Rule 23(a)(1) is that "the class [be] so numerous that joinder of all members is impracticable."  While an exact number is not required, Plaintiffs must sufficiently identify the existence of a number of persons to be included in the proposed class.  *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 680 (S.D. Cal. 1999).  Plaintiffs may not merely speculate but must provide a reasonable estimate of the number of class members.  *Schwartz*, 183 F.R.D. at 681; *Nguyen v. Kissinger,* 70 F.R.D. 440, 445 (D. Or. 1983).  "A higher level of proof than mere common sense impression or extrapolation from cursory allegations is required."  *Schwartz*, 183 F.R.D. at 681.

**Memorandum Decision and Order – 3**

In this case, Plaintiffs rely upon the testimony of Phillip Wagstaff, LSI's designee, who testified as to LSI's employment policies.  According to Mr. Wagstaff, LSI employed 3,158 people in Iraq between March 2004 and June 2007.  Eighty-five percent, or 2,684, of those individuals were hourly workers employed as mechanics, warehouse workers, working foremen and supervisors.  These employees were deployed under a government subcontract agreement to provide support to United States military operations in Iraq.  All of the workers had signed an employment agreement with LSI containing the same provision guaranteeing payment at the agreed upon hourly wage for all hours worked.  Wagstaff Depo. at 14, 52–53; Brown Depo. at 16.  Plaintiffs contend that the class includes all hourly workers employed by LSI for the previous five years.

The Court finds that based upon the number of employees, and the relative certainty that number can be determined, the proposed class in this case exceeds the minimum required to raise the presumption that joinder is impracticable.  Defendant does not dispute this contention.  Plaintiffs have therefore fulfilled the numerosity requirement in this case.

### 2. Commonality.

The next step in Rule 23(a)(2) requires that "there are questions of law or fact common to the class."  Commonality is met when substantial questions of law or fact common to the class exist. *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999).  Not all questions, however, need be common to the class, and the presence of "one significant issue common to the class may be sufficient to warrant certification." *Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214, 1225 (9th Cir. 2007).  In examining this requirement a court should focus on the defendant's conduct. *Schwartz*, 183 F.R.D. at 683.  "[I]llegal standardized conduct" by the defendant should be

**Memorandum Decision and Order – 4**

identified.  *Schwartz*, 183 F.R.D. at 683 (internal quotations omitted).  If a plaintiff can establish that company wide policies exist common to the class, this element may be satisfied.  *Dukes*, 474 F.3d at 1225 (explaining that the plaintiff demonstrated corporate practices existed common to the class).  This requirement will not be defeated by "slight differences" between class members.  *Schwartz*, 183 F.R.D. at 682–83.

While Defendant argues that Plaintiffs' claims are unique to them, there are sufficient questions of fact and law common to the class to fulfill the commonality requirement.  Plaintiffs allege that all hourly workers were required to enter into a standardized contract containing identical compensation provisions, albeit with different base hourly wage rates.  Plaintiffs also contend that Defendant employed the same employment policies at each of its work sites in Iraq.  It is these employment policies that Plaintiffs focus on, and which establish commonality.

There are three employment policies at issue common to the class.  The first policy was a cumbersome process to get advance approval for overtime work.  This policy required forty-eight hours advanced notice to work overtime, despite what Plaintiffs contend were sudden emergencies that arose in the repair shops where vehicles had to be repaired for their immediate return to the military, often the next day for convoy or operational purposes.  Plaintiffs contend that the policy was enforced company-wide in part by prohibiting or discouraging employees to record anything over twelve hours per day on their time sheets despite the fact that they would work more than twelve hours on that particular day.  Plaintiff Hodge was told by his supervisor to write down twelve hours and no more, even if he actually worked longer that day.  Plaintiff Lanning was also told to write down twelve hours because that was the amount of time Defendant was authorized to bill for his work, regardless of how long he actually worked.

**Memorandum Decision and Order – 5**

Plaintiff Hodge alleged that after the fact approval for overtime work was denied. Hodge Depo. at 10.

The second and third policies concern commuting. Plaintiffs allege that LSI failed to pay employees for driving vans full of other employees to work sites. Plaintiffs contend that LSI requested volunteer drivers to drive employees to their job sites if the job site was greater than walking distance, and that only after an accident did LSI require drivers to be paid. The driving time began before an employee's shift, since employees were required to report to their work stations at a certain time. The final policy required employees to travel to and from the job site each day in company vans or buses. *See* Wagstaff Depo. at 21, 29–31, 35–36, 39–40. Plaintiffs contend that they had no choice where their living quarters were located, and that having to travel to their work sites added to an already long work day. Because of the location of their living quarters in relation to the actual work site, Plaintiffs assert that the commutes could take up to an hour each day in addition to their regular shift, and that they had no option but to ride in the vans. Five sites specifically required long commutes, identified as Mosul, Tikirt, Bagdad, Al Asad, and "D-4." Wagstaff Depo. at 22–23. Apparently there were a few sites, such as Anaconda, where an employee could walk to the work site and to the extent any such claim may exist, the Court finds that time spent walking to a job site would be *de minimis*.

Plaintiffs allege that these policies were followed at each work site, and argue that these policies support the commonality requirement. Beyond arguing that Plaintiffs have not met their burden, Defendant has not produced evidence to refute its company-wide commuting and overtime policies. Even if these policies may have affected members of the class differently, commonality will not be defeated. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.

**Memorandum Decision and Order – 6**

1998) ("All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient."). Plaintiffs have therefore met the requirement that standardized conduct occurred at each of LSI's work sites.

Defendant's arguments that Plaintiffs disregarded the overtime policy of their own accord and that "hours worked" should not include commute time or driving are more appropriate to address upon the merits rather than at class certification. Whether "work" should include commute time or driving time is a contract interpretation issue, not a class certification issue. At this stage the Court does not have to confirm the merits of the Plaintiffs' arguments on each of these policies, only that in accepting them as true for the purposes of the class certification motion, commonality exists. The Court therefore finds sufficient commonality to certify the class.

### 3. Typicality.

The "typicality requirement" is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The claims do not need to be substantially identical, but must be reasonably co-extensive with the claims of the absent class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). "Typicality turns on the defendant's actions toward the plaintiff class, not particularized defenses against individual class members." *Schwartz*, 183 F.R.D. at 683. To satisfy the required rigorous analysis, plaintiffs must make some showing that the named plaintiffs are typical and average class members. *Palmer v. Stassinos*, 233 F.R.D. 546, 550 (N.D. Cal. 2006).

Defendant argues that Plaintiffs are not typical of the class with respect to overtime worked through meal periods and after their twelve hour shift by pointing out Plaintiffs

**Memorandum Decision and Order – 7**

"volunteered" to continue working rather than take a break or leave the site. Plaintiffs countered this argument by establishing that there was work to be done and pressure from their supervisors to finish the work but not record the time on their time sheets because of the overtime policy. Lanning Depo. at 71–72; Hodge Depo. at 98–100.

Plaintiffs have met their burden of establishing typicality. Plaintiffs' injuries are the same as other potential members of the class, as they alleged that they missed meal periods and worked overtime without pay. They also allege that they were required to drive the vans or to commute to work in the company vans. These are the same injuries that other class members are said to have suffered. Defendant's alleged failure to pay for any time worked over a twelve hour shift or more than eighty-four hours per week, regardless of need, unless employees asked for overtime in advance is not unique to Plaintiffs. And Defendant's decision to use its hourly employees as volunteer van drivers for other employees is also not unique to Plaintiffs. It is sufficient for purposes of typicality that the nature of the claims Plaintiffs assert are similar, not whether there may have been differences in each Plaintiff's experience. *See Blackwell v. Skywest Airlines, Inc.*, ___ F.R.D. ___, 2007 WL 2601439 *7 Case No. CV 06-307 (S.D. Cal. Aug. 30, 2007) (explaining that typicality was not defeated even though the plaintiff's experience may have been different from other class members' experiences).

    **4.**    **Adequacy of Representation.**

For the final Rule 23(a) requirement, Plaintiffs must show that "the representative parties will fairly and adequately protect the interests of the class." Two questions must be answered before adequacy can be determined: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel

**Memorandum Decision and Order – 8**

prosecute the action vigorously on behalf of the class." *Hanlon,* 150 F.3d at 1020. "Representatives must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594–95 (1997). Adequate representation ensures that the interests between representatives and absentees are protected alike. *Molski v. Gleich*, 318 F.3d 937, 955 (9th Cir. 2002). In *Molski*, the court found that the plaintiffs failed to meet their burden because "[t]he record [did] not show whether [the representatives] suffered in the same manner as others in the class may have." *Molski*, 318 F.3d at 955.

In this case, the record provides sufficient facts to demonstrate that the interests of the absent class members will be represented adequately by the named representatives. There does not appear to be a conflict of interest between the named Plaintiffs and their counsel and the interests of the other class members. Based upon the affidavits filed by the individual Plaintiffs and the affidavit of counsel, it appears that Plaintiffs and their counsel will prosecute the action vigorously on behalf of the class, and that Plaintiffs suffered in the same manner as other hourly workers at Defendant's work sites. Plaintiffs have therefore met their adequacy of representation burden.

**B.     Legal Standards Governing Class Certification Under Rule 23(b).**

After satisfying the four requirements of Rule 23(a), a plaintiff then must demonstrate under Rule 23(b)(1), (2), or (3) that the action is maintainable. *Hanlon*, 150 F.3d at 1022. Although Plaintiffs' Complaint asserts the action is maintainable under any one of the three subsections, their motion only argues the merits of class certification under Rule 23(b)(3). Pls.'

**Memorandum Decision and Order – 9**

Mem. at 10, Docket No. 24.  Absent any evidence or argument concerning Rule 23(b)(1) or (2), the Court considers the arguments waived, and will consider only Rule 23(b)(3).

"To qualify for certification under [23(b)(3)], a class must satisfy two conditions in addition to the Rule 23(a) prerequisites: common questions must 'predominate over questions affecting only individual members,' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Hanlon*, 150 F.3d at 1022.  The first question is referred to as the "predominance inquiry" and asks "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon*, 150 F.3d at 1022.

To satisfy this first question, Plaintiffs must have established the existence of common issues of fact or law according to Rule 23(a)(2).  *Hanlon*, 150 F.3d at 1022.  Then this inquiry is taken further to focus "on the relationship between common and individual issues." *Id.*  In this case, Plaintiffs have satisfied the threshold requirement of commonality as discussed above.  The main issue in this case is common to all class members:  whether Defendant breached its employment contract with hourly workers by failing to pay them for all hours worked.  This common question is a significant aspect of the case and can be resolved for all members of the class in a single action.  Also, it would appear that each hourly worker entered into a contract with an identical provision requiring its interpretation according to Texas state law.  Thus, there would be no potential for application of differing state law.

At oral argument, Defendant suggested that there may be as many as five subclasses: 1) employees who walked to work;  2) employees who rode to work;  3) employees who drove to work;  4) employees who missed meal periods and 5) employees who worked more than eighty-

**Memorandum Decision and Order – 10**

four hours in a week.  The Court finds, however, that subclasses are not appropriate because the members of each group have homogeneous interests, albeit different factual scenarios for recovery of damages.  *See* 7B Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1790 at 276 (2nd ed. 1986) (explaining that subclasses are typical if the class has members whose interests are divergent or antagonistic).  Instead, the Court finds that there are three groups within one class comprising the uncompensated drivers of the vans and buses, those employees working off the clock at lunch hours and past twelve hours per day or greater than eighty-four hours per week, and those employees required to ride in the company vans and buses to the job site.  *See* 7B FEDERAL PRACTICE AND PROCEDURE § 1790 at 280 ("a class need not be subdivided merely because different groups within it have alternative legal theories for recovery or because they have different factual bases for seeking relief.").

The Court finds that Plaintiffs have met their burden with respect to establishing a cohesive class of employees who were denied compensation for "all hours worked," while acknowledging that there may be groups within the class.  *See Kurihara v. Best Buy Co., Inc.*, 2007 WL 2501698 *8, Case No. CV-06-1884 (N. D. Cal. Aug. 30, 2007) (finding class certification appropriate when individualized issues were confined to the amount of damages). The groups of hourly workers may have different issues when it comes to proof of damages dependant upon which group they belonged to within the class, but may all establish liability based upon off the clock work under the same standardized employment contract and with reference to standardized policies.  *Cf. Blackwell v. Skywest Airlines, Inc.,* 2007 WL 2601439 *12 Case No. CV 06-307 (S.D. Cal. Aug. 30, 2007) (finding class certification inappropriate when individualized issues concerned liability).

**Memorandum Decision and Order – 11**

Because of the standard policies employed at all of Defendant's work sites in Iraq requiring employees to live in assigned housing, requiring driving to and from the work site for safety reasons, and a standard overtime policy, the Court finds this case to be similar to *Kurihara* and not *Skywest*. As in *Kurihara*, Plaintiffs have established the existence of a company wide policy of requiring employees to commute to their work sites using company supplied vans and busses driven by their fellow employees, and this policy forms the basis of the alleged injuries. Defendant's argument that the claims are individualized ignores the employment policy that Plaintiffs have alleged and that Defendant does not deny exists. *See* Wagstaff Decl. ¶¶ 9–10 (tacitly recognizing that LSI had a policy of not paying for driving time, and eventually changing its "policy" to compensate for that time). Simply because individualized inquiries may be required to determine damages for workers employed at different sites does not defeat class action certification. *See Kurihara*, 2007 WL 2501698 at *10 (finding company wide policy of inspections sufficient, despite individualized issues of damages relating to the length of inspections at individual stores).

A different policy forms the basis for the group of hourly workers who worked in excess of twelve hours in a shift or more than eighty-four hours per week. Unlike in *Skywest*, the focus is not upon individualized policies employed at each work site concerning the length of meal periods, the time for breaks, or the time personnel were required to leave their job site. Rather, the focus is upon Defendant's company-wide policy requiring forty-eight hours of advance notice to work overtime, which included review by three separate individuals on standardized paperwork prior to approval of the extra work. Plaintiff Lanning testified that he missed lunch on several occasions because of pressure from his foreman, and that he did not record the time

**Memorandum Decision and Order – 12**

on his time sheet because of the overtime policy. Lanning Depo. at 76–80. Plaintiff Hodge testified concerning the same issues at his work site, and recalled a time when he requested overtime compensation after the fact that was denied in accordance with Defendant's policy. Hodge Depo. at 97–105. Mr. Wagstaff, Defendant's representative, confirmed the existence of the overtime policy, and estimated that less than one hundred requests actually were approved. Wagstaff Depo. at 39–44. He explained that advance approval was required before employees could work more than twelve hours in a single shift or more than eighty-four hours in a week, and that this policy was company-wide. Wagstaff Aff. at 5.

Resolution as a class action is, in this case, superior. One factor the courts can consider is whether it is more economically feasible to certify a class in cases where there may be many small claims that would not be economically feasible for individual plaintiffs to pursue, absent a class, considering the legal fees and costs individual plaintiffs would incur. Damages may be inconsequential for the plaintiffs to justify separate lawsuits. Both Plaintiffs estimated their total damages at less than $1,000. Lanning Depo. at 126; Hodge Depo. at 338–39. Although some class members may have more damages than others, the gravamen of the claim and its method of calculation is identical to each class member.

Accordingly, given the limited focus of the action on Defendant's conduct, the employment contract each worker entered into with identical choice of law and compensation policies, and the alleged across the board implementation of these compensation and employment policies, the proposed class is sufficiently cohesive to meet the requirements of Rule 23(b)(3).

**Memorandum Decision and Order – 13**

**C.     Conclusion.**

In conclusion, the Court finds that Plaintiffs have met their burden to satisfy the requirements of Rule 23 to establish class certification.  The Plaintiffs have provided the Court with sufficient material to determine that a class action is warranted.  Therefore, the Court will order that Plaintiffs' Motion to Certify Class Action be *conditionally* granted.  If it appears later in these proceedings that a class action is not appropriate, the Court can decertify the class.  While there has been discussion by both sides regarding subclasses, the Court does not find at this stage that subclasses should be required in the notice to potential class members.  When the notice does issue to potential class members, the Court will require that the employees indicate the nature of their claim, *i.e.* whether they were drivers of vans and buses, were required to ride the vans and buses to and from work, and/or would be making a claim for working more hours than for which they received compensation.  This information may be of assistance later in these proceeding for case management purposes.

Prior to having the Defendant search its records to identify potential class members and preparing any notice to the class, a preliminary legal issue must be addressed.  Defendant argued that as to the group of hourly workers required to commute to their job sites, a preliminary legal issue exists whether commute time constitutes "work" under the terms of its standardized contract with its employees.  The Court finds that this issue is appropriate to decide at this stage of the proceedings before going forward.

**Memorandum Decision and Order – 14**

**ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

Plaintiffs' Motion to Certify Class Action (Docket No. 23), filed August 30, 2007, be **GRANTED.**

IT IS FURTHER ORDERED that the following class of plaintiffs is hereby certified in this case: all hourly workers employed by LSI under its subcontract with Kellogg Brown & Root, also referred to as "LOGCAP" personnel, and sent to work in Iraq by LSI at one of LSI's work sites at any time between March 1, 2004 and the present.

IT IS FURTHER ORDERED that Dave Hodge and Ben Lanning are appointed as class representatives.

IT IS FURTHER ORDERED that Daniel E. Williams of Huntley Park, LLP is appointed as counsel for the class.

IT IS FURTHER ORDERED that prior to any notice of class certification being prepared and sent, the issue of whether "work" includes commute time shall be determined by the Court upon a motion to be filed by the Defendant no later than January 4, 2008.

DATED: December 7, 2007

Honorable Mikel H. Williams
Chief United States Magistrate Judge